Victor **PEREIRA,**

v.

**NARRAGANSETT FISHING CORPORATION.**

**Civ. A. No. 90–11280–WD.**

United States District Court, D. Massachusetts.

March 29, 1991.

Edward J. White, Hunt & White, Boston, Mass., for plaintiff.

Thomas J. Muzyka, Clinton & Muzyka, Boston, Mass., for defendant.

FINAL ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER (# 19)

ROBERT B. COLLINGS, United States Magistrate Judge.

On December 12, 1991, upon review of the pleadings in this case, I recommended that Defendant's Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Discovery Order (# 19) be allowed and that the Complaint in the above-styled case be dismissed pursuant to Rules 16(f) and 37(b)(2), Fed.R.Civ.P.

The plaintiff objected to the Report and Recommendation. On January 12, 1991, the District Judge to whom this case is assigned ruled on the objection as follows:

The objection is, with great reluctance, sustained, the sanction of dismissal is too severe, the matter is remanded to the Magistrate Judge for formulation of an alternative sanction or set of sanctions, perhaps including a significant financial sanction against plaintiff's counsel personally.

The facts are that an initial scheduling conference pursuant to Rule 16(b), Fed.R. Civ.P., was held in the above-styled case on June 22, 1990. After that conference, a First Scheduling Order (# 10) was entered. The scheduling order set forth dates by which certain activities were to be completed; the dates were set after the Court received input from counsel for both parties.

In sum, the First Scheduling Order provided that all discovery was to be filed or served by November 16th and completed by December 20th. The plaintiff was to serve answers to the so-called "expert interrogatories" by October 25, 1990; the defendant was to do the same by November 8, 1990.

The plaintiff failed to comply with the deadline for serving answers to the "expert interrogatories." This was a direct violation of the First Scheduling Order; the violation subjects the plaintiff to sanctions pursuant to Rule 16(f), Fed.R.Civ.P.

In addition, on September 24, 1990, the defendant filed a motion to compel (# 15) plaintiff to serve answers to other interrogatories and a response to the defendant's document request. No opposition was filed. On October 12, 1990, I issued an Order on the margin of the motion. The plaintiff was ordered pursuant to Rule 37(a)(2), Fed.R.Civ.P., to serve answers to the interrogatories, a response to the doc-

ument request, and to produce all requested documents by November 2, 1990. This order was not obeyed. The violation of this order subjects the plaintiff to sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P.

Evidently, answers and responses were finally served on December 5th, almost three weeks *after* the date for serving discovery had closed and only *fifteen days before the close of discovery.*

In my Report and Recommendation, I found plaintiff's counsel's disobedience of the two orders to be totally unjustified and without just excuse. I wrote:

> Regardless of what practice may or may not have existed between the law firms, court orders are court orders and as such, must be obeyed. It makes no sense at all for the Court to take pains to formulate a scheduling order for discovery which meets the needs of the case and of the parties only to have the order totally disregarded and ignored by counsel. Such action by counsel renders the Court's efforts a total waste of time and unjustifiably increases the delay and cost of litigation. The same is true of a order compelling discovery; again the Court's time and effort in issuing orders to compel are completely wasted if counsel feel free to disregard them.

Rules 16(f) and 37(b)(2), Fed.R.Civ.P., employ similar language. Rule 16(f), Fed.R.Civ.P., provides, in pertinent part:

> If a ... party's attorney fails to obey a scheduling ... order ... the judge ... *may make such orders in regard thereto as are just,* and among others any of the orders provided in Rule 37(b)(2)(B)(C)(D). In lieu of or in addition to any other sanction, the judge shall require ... the attorney representing the party ... to pay the reasonable expenses incurred because of any noncompliance with this rule, *including attorney's fees,* unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2), Fed.R.Civ.P., provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending *may make such orders in regard thereto as are just,* and among others the following ... (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders ...

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

In this case, the costs, including reasonable attorney's fees, which were claimed by the defendant as being caused by plaintiff's violations amount to $550.00. While I shall award these costs, I find that they are far too small an amount to qualify as an appropriate sanction considering the egregious nature of the violations in this case.

█ At the time I wrote the report and recommendation, I did not believe that under Rule 37(b)(2), Fed.R.Civ.P., a monetary sanction over and above an award of the opposing party's costs and attorney's fees could be imposed unless the Court proceeded pursuant to subsection (D) of Rule 37(b)(2) and imposed a fine upon a finding of contempt. *Blake Associates, Inc. v. Omni Spectra, Inc.,* 118 F.R.D. 283, 293 (D.Mass., 1988).

A decision of the First Circuit issued two days ago, however, strongly indicates that the phrase "may make such orders ... as are just" includes the power to require the offending party or that party's attorney to pay a monetary sanction to the Court in an amount unrelated to what might be awarded to the opposing party as costs and attorney's fees. *Media Duplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228 (1 Cir., 1991).

In the *Media Duplication* case, the District Judge imposed a monetary sanction on defendant's counsel, one Joseph Wine, pur-

suant to Rules 11 and 16, Fed.R.Civ.P. and 28 U.S.C. § 1927. The reasons for the imposition of sanctions were several, including his failure to appear for trial. *Media Duplication Services, Ltd. v. HDG Software, Inc., supra,* at 1238. The Court of Appeals found that neither Rule 11 nor 28 U.S.C. § 1927 provided a basis for sanctions on the facts of the case. *Id.* at 1239. However, the case was remanded "for further proceedings ... as to any appropriate sanction warranted under Fed.R.Civ.P. 16." *Id.* at 1242. In discussing Rule 16, the First Circuit noted that it had recently affirmed a $1,000 fine for negligent failure of counsel to appear at a pre-trial conference in the case of *Velazquez–Rivera v. Sea–Land Serv., Inc.,* 920 F.2d 1072, 1079 (1 Cir., 1990). *Media Duplication Services, Ltd., v. HDG Software, Inc., supra,* at 1241. The Court then wrote:

> Rule 16 allows the judge to award the reasonable expenses incurred because of such derelictions. In this case, however, it seems difficult to justify compensating the attorneys for [Media Duplication] for the failure of Attorney Wine to appear at trial, since Wine had notified them of his intentions and his nonappearance—far from prejudicing them—was to their advantage.

> However, the focus of any sanction need not be limited to compensation of opposing counsel. Rule 16(f) authorizes "such orders ... as are just" and reflects the inherent supervisory power of the court. Thus, "all orders governing the management of a case are enforceable under the pain of sanction for unjustifiable violation. Trial judges have considerable discretion in the selection and imposition of sanctions." *Barreto [v. Citibank ],* 907 F.2d [15] at 16 [1 Cir., 1990]. We have no doubt about the obligation of an attorney to inform the court directly—and well in advance—when planning to boycott a proceeding he has asked for. And we have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of that obligation. *Id.* ("what lies behind the sanctioning power is ... [principally the need] to deter others from similar conduct.")

*Id.* at 1241–1242 (footnote omitted)

The clear import of this language is that the phrase "may make such orders as are just" as used in both Rules 16(f) and 37(b)(2), Fed.R.Civ.P., permit the imposition of a sanction in the form of a monetary fine which is paid to the court and not to an opposing party as reimbursement for costs and attorney's fees. The language also seems to make clear that this sanction can be imposed without proceeding to a finding of contempt as per Rule 37(b)(2)(D), Fed.R.Civ.P. The power to proceed by way of contempt is explicit; if this were the only route, there would have been no need for the First Circuit to construe the phrase "such orders as are just" to include the imposition of a monetary sanction. That a finding of contempt is not a prerequisite to the imposition of such a monetary sanction is made clear also by the First Circuit's notation in the *Media Duplication* case that "[t]he relevant portions of Rule 37 do not pertain to monetary sanctions (except to the extent that 37(b)(2)(D) permits an order treating the failure to obey the court as a form of contempt)." *Id.* at 1241, fn. 11.

Accordingly, in the words of the District Judge to whom this case is assigned, I shall impose a "significant financial sanction against plaintiff's attorney personally." As I indicated, I am of the view that the violations in this case were egregious. In my opinion, the Court's ability to manage civil litigation in even the most elementary fashion requires that the conduct forming the basis of the violations in this case be dealt with in a manner which will deter counsel for the plaintiff in this case and other counsel in other cases from behaving similarly in the future.

With this aim in mind, it is ORDERED that plaintiff's counsel personally pay to counsel for the defendant the sum of $550.00 as reimbursement for the costs, including reasonable attorney's fees, incurred because of plaintiff's counsel's violations of the court's orders.

In addition, it is FURTHER ORDERED that plaintiff's counsel personally pay to the court the sum of $2500.00 as a punitive monetary sanction for disobedience of the court's orders.

It is FURTHER ORDERED that the above-specified payments be made *on or before the close of business on Friday, May 17, 1991.* It is FURTHER ORDERED that plaintiff's counsel not obtain reimbursement, either directly or indirectly, for any part of the sums comprising the monetary sanction from the plaintiff.