**SATCORP INTERNATIONAL GROUP and Sino American Trading Corp., Plaintiffs–Appellees,**

v.

**CHINA NATIONAL SILK IMPORT & EXPORT CORPORATION, Defendant,**

**and**

**Hugh H. Mo, Esq., Appellant.**

**No. 253, Docket 96–7341.**

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1996.

Decided Nov. 19, 1996.

---

Ping C. Moy, Schoeman, Marsh & Updike, LLP, New York City, for Appellant.

Vincent J. Barra, Barra & Salz, New York City, for Plaintiffs–Appellees.

Before MESKILL and CALABRESI, Circuit Judges, and BLOCK, District Judge.*

PER CURIAM:

This case derives from an attempt by plaintiffs Satcorp International Group and Sino American Trading Corp. to collect on a default judgment obtained in a 1993 breach of contract action against China Silk Materials Import Corporation ("China Materials"). The plaintiffs brought this action in 1994 against defendant China National Silk Import & Export Corporation ("China National"), the parent corporation of China Materials.

The plaintiffs sought to establish the district court's personal jurisdiction over China National, a corporation organized under the laws of the People's Republic of China, by claiming that China National was an alter ego of China Silk America, Inc. ("China America"), a New York corporation. Disagreeing that it was China America's alter ego, China National moved to dismiss for lack of personal jurisdiction. Discovery on the alter ego question began shortly thereafter.

Discovery went very slowly, and, according to the plaintiffs, China National was extremely uncooperative. At a hearing on August 14, 1995, the district court ordered China National to comply with the plaintiffs' discovery requests. Plaintiffs remained unsatisfied with China National's response and soon moved to have the defendant's jurisdictional defense struck, pursuant to Rule 37 of the Federal Rules of Civil Procedure, as a sanction for failure to obey the discovery order.

In an opinion dated March 13, 1996, the district court granted the plaintiffs' motion to strike the jurisdictional defense. The court also stated *sua sponte* that an "award of counsel fees to compensate plaintiffs for the cost of the needless discovery to date and of this motion practice certainly is in order, as is a punitive fine." It accordingly held China National and its attorney, appellant Hugh H.

---

* The Honorable Frederic Block, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Mo, jointly and severally liable for these attorneys' fees and expenses and fined Mo an additional $10,000, which China National was barred from reimbursing to Mo.

Neither the striking of the jurisdictional defense nor the imposition of costs is before us at this time. We address only Mo's challenge to the additional $10,000 fine. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 685 (2d Cir.1989) (holding that "a non-party attorney may bring an interlocutory appeal of a Rule 37 sanction" under 28 U.S.C. § 1291) (citing *Cheng v. GAF Corp.,* 713 F.2d 886, 889–90 (2d Cir.1983)); *cf. United States v. Johnson,* 801 F.2d 597, 599 (2d Cir.1986) (a non-party may immediately appeal an order of contempt). Mo alleges that the fine was imposed without affording him due process of law. We agree.

The district court did not make clear the legal basis pursuant to which it acted in imposing the fine. It simply ordered the sanction without reference to any statute, rule, decision, or authority. This by itself might well be sufficient to warrant a remand. *See United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1346 (2d Cir.1991) ("We ask only that the district court specify the sanctionable conduct and the authority for the sanction."). But even apart from this, we must vacate and remand because the fine was imposed in violation of Mo's due process rights.

In reaching this conclusion, we take note of an important issue that we need not decide today. Although the district court failed to articulate the authority under which it was proceeding, the fact that it issued the fine in connection with the striking of the defendant's jurisdictional defense under Rule 37 suggests that it was acting pursuant to Rule 37. While it never used the word "contempt," the court may have believed Mo to be in contempt of its discovery order, *cf.* Fed.R.Civ.P. 37(b)(2)(D) (the court may issue "an order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination"). Or the court may have meant to act under Rule 37 without finding Mo to be in contempt.

There is a split of authority on the question of whether a district court can order non-compensatory sanctions under Rule 37 without a finding of contempt. *Compare Martin v. Brown,* 63 F.3d 1252, 1263 (3d Cir.1995) ("Absent contempt, the only monetary sanctions Rule 37 authorizes are 'reasonable expenses' resulting from the failure to comply with discovery."), *with J.M. Cleminshaw Co. v. City of Norwich,* 93 F.R.D. 338, 355–56 (D.Conn.1981) (Cabranes, *J.*) ("There is no indication in Rule 37 that this list of sanctions was intended to be exhaustive. Indeed, the fact that Rule 37 also provides for the entry of such orders 'as are just' suggests that, under that rule, a court possesses the authority to fashion any of a range of appropriate orders to enforce compliance with the requirements of pre-trial discovery" including "the imposition of a fine upon counsel [even in the absence of contempt]."), *and Pereira v. Narragansett Fishing Corp.,* 135 F.R.D. 24, 26 (D.Mass.1991) (concluding that, under *Media Duplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1241–42 (1st Cir.1991), a district court may, pursuant to Rule 37, order non-compensatory, punitive sanctions absent a finding of contempt). But we need not take a stand on this split today.

■ Regardless of whether a sanction is premised on a finding of contempt, or is deemed justified under Rule 37 generally, the same amount of process is due. The Constitution requires the provision of procedural protections before a non-compensatory, punitive fine can be demanded from a party or from an attorney. *See Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 783 (9th Cir.1983) ("The court's imposition and selection of sanctions pursuant to Rule 37(b) must be consistent with due process requirements."); *Cleminshaw,* 93 F.R.D. at 351 n. 11 ("The court's authority to impose any discovery sanction, including a fine, is limited by considerations of constitutional due process."). A district court cannot circumvent this mandate by choosing to characterize the sanction as something other than "contempt." In the words of the Ninth Circuit, "the sanction scheme pursuant to Rule 37 parallels the court's contempt power and due process is a limitation on both powers."

*Falstaff Brewing,* 702 F.2d at 783 n. 9 (9th Cir.1983).

In this respect, the Fourth Circuit's decision in *Hathcock v. Navistar Int'l Transportation Corp.,* 53 F.3d 36 (4th Cir.1995), is particularly instructive. In *Hathcock,* the court reversed a trial court's punitive Rule 37 fine for lack of due process. The trial court had fined the defendant's attorney $5000 under Rule 37 for "deliberate and wilful deception," apparently without any explicit finding of contempt. *Id.* at 42. The court of appeals held that, for due process purposes, "a Rule 37 fine is effectively a criminal contempt sanction, requiring notice and the opportunity to be heard." *Id.*[1] Since the attorney "had no indication that sanctions might be imposed against him until the district court actually entered its default order," the punitive fine could not stand. *Id.* "Because [the attorney] was given neither notice nor the opportunity to be heard before being slapped with what is effectively a criminal contempt sanction, the attorney's constitutional rights under the Fifth Amendment's Due Process Clause were violated." *Id.*

 The same is true in this case. Regardless of the authority under which the district court was proceeding, and regardless of whether or not its sanction was premised on an implicit finding of contempt, the district court erred by failing to respect Mo's Fifth Amendment rights. At the least, "due process requires ... that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an opportunity to present evidence or argu-

ments against their imposition." *Cleminshaw,* 93 F.R.D. at 351 n. 11; *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 688 (2d Cir.1989) (there is a "deprivation of due process" when an attorney is not afforded "notice of [and] the opportunity to be heard about, the sanction imposed"); *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 708–09 (2d Cir.1985) (attorney must be given notice and the opportunity to explain his conduct before he can be assessed financial sanctions), *cert. denied,* 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986); *Rogal v. American Broad. Cos., Inc.,* 74 F.3d 40, 44 (3d Cir.1996) ("The imposition of monetary sanctions by a court implicates fundamental notions of due process and thus requires 'fair notice and an opportunity for a hearing on the record.'") (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980)); *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1082 (9th Cir.1988) (holding that "a district court has no power to impose monetary sanctions against attorneys without affording them procedural due process" in the form of notice and a hearing) (citations and internal quotation marks omitted).

Mo was only given notice by the plaintiffs' Rule 37 motion that his conduct during discovery might lead to the striking of China National's jurisdictional defense. He was given no indication of the fact that he might be fined or found in contempt. There was neither a hearing, nor oral argument, on the Rule 37 motion. His fine cannot stand.[2]

---

1. Although Mo's sanction appears to have been a criminal, as opposed to a civil, fine, *see, e.g., People of the State of New York v. Operation Rescue Nat'l,* 80 F.3d 64, 68 n. 7 (2d Cir.) ("[A] non-compensatory fine is civil, and thus may ordinarily be imposed in the absence of a criminal trial 'only if the contemnor is afforded an opportunity to purge.'") (quoting *International Union, United Mine Workers v. Bagwell,* 512 U.S. 821, ——, 114 S.Ct. 2552, 2558, 129 L.Ed.2d 642 (1994)), *cert. denied,* —— U.S. ——, 117 S.Ct. 85, 136 L.Ed.2d 42 (1996), we need not decide which it was here. For even a civil fine cannot stand when it is imposed without basic due process safeguards. "[A] person charged with civil contempt is entitled to notice of the allegations, the right to counsel, and a hearing at which the ... defendant has an opportunity to present a defense." *Schoenberg v. Shapolsky Publishers,*

*Inc.,* 971 F.2d 926, 934–35 (2d Cir.1992) (citation and internal quotation marks omitted). We note, however, that if the district court wishes on remand to impose a criminal fine, it must first provide all of the procedural protections associated with criminal proceedings. *See Bagwell,* 512 U.S. at ———, 114 S.Ct. at 2556–57.

2. The Supreme Court has stated that "[d]irect contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily," *Bagwell,* 512 U.S. at —— n. 2, 114 S.Ct. at 2557 n. 2, but that is not this case. Mo's "contempt" occurred as much outside of the court's presence as in it: the court fined Mo principally for failing to comply with the discovery order over a period of time, and for failing to be forthright with the plaintiffs and the court in both written submissions and in oral discussions.

Because Mo was sanctioned without having been afforded the most minimal of procedural safeguards, we vacate his fine and remand the case to the district court.

In any event, the district court did not "immediately" adjudge and sanction Mo. It did so only much later in a written order that was filed long after the alleged contempt had occurred. The *Bagwell* Court was explicit that full due process protections are to be afforded to belated sanctions of even direct contempts:

Summary adjudication becomes less justifiable once a court leaves the realm of immediately sanctioned, petty direct contempts. If a court delays punishing a direct contempt until the completion of trial, for example, due process requires that the contemnor's rights to notice and a hearing be respected. There it is much more difficult to argue that action without notice or hearing of any kind is necessary to preserve order and enable the court to proceed with its business, particularly in view of the heightened potential for abuse posed by the contempt power. *Id.* at ——, 114 S.Ct. at 2560 (citations, brackets, and internal quotation marks omitted).