John Alan SAKON, Expressway Associates I, Expressway Associates II, Expressway Associates III, And Expressway Associates IV, Plaintiffs,

Leonard Orland, Administrator of the Estate of Sue L. Wise, Appellant,

v.

Loren ANDREO, Frank Tornaquindici, also known as Frank Torna, Andy's Foodtown, Inc., Frank's Supermarket, Torna, Inc., Peter Gersten, Gersten & Gersten, Mary Andreo Randazzo, and Neil A. McPhail, Defendants–Appellees.

No. 1602, Docket 96–7688.

United States Court of Appeals, Second Circuit.

Argued April 29, 1997.

Decided July 14, 1997.

David N. Rosen, New Haven, CT (Stephen M. Pincus, Rosen & Dolan, New Haven, CT, on the brief), for Appellant.

Robinson & Cole, Hartford, CT (Craig A. Raabe, John W. Steinmetz, Hartford, CT, of counsel), filed a brief for Defendants–Appellees.

Before: KEARSE and CALABRESI, Circuit Judges, OBERDORFER, District Judge *.

KEARSE, Circuit Judge:

Leonard Orland, administrator of the estate of Sue L. Wise, appeals from so much of an order of the United States District Court for the District of Connecticut, Alfred V. Covello, *Judge,* as denied his motion for re-

* Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

consideration of an earlier order awarding defendants attorneys' fees and expenses, to be paid by the estate of Wise, the late attorney for plaintiffs, on account of Wise's failure to file an amended complaint within the time allowed by Fed.R.Civ.P. 12(e) following the granting, in part, of a motion by defendants pursuant to that Rule for a more definite statement. The district court found that Wise's failure to meet the deadline for filing an amended complaint was the result of excusable neglect; but the court ordered her to pay attorneys' fees and expenses, citing Fed. R.Civ.P. 54(d). On appeal, Orland contends principally that Rule 54(d) was not applicable, that no sanction was authorized where the failure to act was the result of excusable neglect, and that the sanction was imposed without proper notice. Defendants seek to defend the award on the ground that the district court could have imposed the sanction under Rule 12(e) or under Rule 31(a) of the District of Connecticut Local Rules of Civil Procedure. For the reasons that follow, we reverse the order awarding attorneys' fees.

## I. BACKGROUND

In November 1994, plaintiffs, represented by Wise, commenced the present action alleging violations of federal antitrust laws and state laws. Defendants moved pursuant to Fed.R.Civ.P. 12(e) for a more definite statement. On April 13, 1995, the district court granted the motion in part. Under the terms of Rule 12(e), plaintiffs were required to file an amended complaint within 10 days thereafter; they failed to do so. In early May 1995, defendants moved to strike the complaint in its entirety because of the failure to file an amended complaint. In early June, defense counsel telephoned Wise in an effort to inform her that no amended complaint had been filed, but Wise apparently did not respond to either the call or the motion. On June 13, the district court granted the motion to strike the complaint. In July 1995, defendants moved for judgment dismissing the action pursuant to Fed. R.Civ.P. 41(b) for failure to comply with Rule 12(e).

Wise opposed the motion and moved to vacate the order striking the complaint, arguing that her failure to file the amended complaint was the result of, *inter alia,* "excusable neglect" within the meaning of Fed. R.Civ.P. 60(b)(1). She stated that in May, an amended complaint had been prepared, signed and verified, but that, due to a secretarial error, "the amended complaint was mistakenly filed in the file, rather than in Court, and copies of the amended complaint were neither made nor mailed to counsel." (Plaintiff's Objection to Defendants' Motion for Involuntary Dismissal and Motion for Relief from Order Striking the Complaint dated July 26, 1995, at 2.) She also stated that she had not received the court's June 13 order and was unaware that it had been granted until she received defendants' motion to dismiss. In December 1995, while defendants' dismissal motion and plaintiffs' motion to vacate the order striking the complaint were pending before the district court, Wise died.

In a Ruling on Defendants' Motion for Involuntary Dismissal dated March 17, 1996 ("March 17 Ruling"), the district court denied defendants' motions to dismiss the action, and it vacated its June 13 order striking the complaint because it found that the delay in the prosecution of plaintiffs' claims would not seriously prejudice defendants and that Wise's neglect was excusable. However, citing Fed.R.Civ.P. 54(d), the court "order[ed] the plaintiffs to reimburse the defendants' expenses, including counsel fees, incurred in connection with preparing and filing the motions to strike and the motions for involuntary dismissal, including all counsel fees." (March 17 Ruling at 6–7.)

Plaintiff John Alan Sakon moved *pro se* for reconsideration of the March 17 Ruling on the ground that Rule 54(d) did not authorize an award of attorneys' fees and expenses in these circumstances. In opposition, defendants argued that the award could be sustained under Fed.R.Civ.P. 1 and 11 and under 28 U.S.C. § 1927 (1994). In a Ruling and Order re: Motion for Reconsideration and Applications for Attorneys' Fees dated May 6, 1996 ("May 6 Ruling"), the district court granted reconsideration but adhered to

its decision. The court awarded defendants, who had claimed fees and expenses totaling more than $7,000, a total of $2,700.

Thereafter, Orland moved for reconsideration of the order imposing the sanction, as well as for clarification as to whether the award was imposed only on Wise's estate or on the plaintiffs as well, noting that "it would clearly be unjust to impose costs on the plaintiffs personally, since costs were imposed because of the conduct of counsel only." Motion for Reconsideration or Clarification dated May 14, 1996, at 1. In a June 11, 1996 order endorsed on the motion, the district court clarified that the sanctions were imposed only on counsel, not on plaintiffs; it denied the motion for reconsideration. This appeal followed.

## II. DISCUSSION

■ Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent power. Because the various sources of the court's authority are governed by differing standards, *see, e.g., In re Ames Department Stores, Inc.,* 76 F.3d 66, 70 (2d Cir.1996), it is imperative that the court explain its sanctions order "with care, specificity, and attention to the sources of its power," *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.,* 73 F.3d 1253, 1262 (2d Cir.1996). Thus, although the district court's award of sanctions is reviewed under an abuse-of-discretion standard, *see, e.g., United States v. Merritt Meridian Construction Corp.,* 95 F.3d 153, 171 (2d Cir.1996); *Mac-Draw, Inc. v. CIT Group Equipment Financing, Inc.,* 73 F.3d at 1257, such an award either without reference to any statute, rule, decision, or other authority, or with reference only to a source that is inapplicable will rarely be upheld, *see, e.g., Satcorp International Group v. China National Silk Import & Export Corp.,* 101 F.3d 3, 5 (2d Cir.1996) (per curiam) (vacating on other grounds and noting that the court's failure to cite any authority for its imposition of sanctions "by itself might well be sufficient to warrant a remand"); *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.,* 73 F.3d at 1260 ("because the specific grounds proffered by

the district court do not support the imposition of sanctions, we find the sanctions improper"); *see also In re Sutter,* 543 F.2d 1030, 1032 n. 1 (2d Cir.1976) (affirming despite lack of clarity as to whether court assessed costs pursuant to local rule for delay of proceedings or fined counsel for contempt).

We have several difficulties with the imposition of sanctions in the present case. First, the only legal provision on which the district court relied was inapplicable. In addition, the award of sanctions was procedurally flawed and was undermined by the court's factual findings.

■ In awarding costs here, the district court cited Rule 54(d), which was inapplicable for two reasons. First, Rule 54 as a whole deals with "judgment[s]," which it defines as decisions that are appealable. *See* Fed. R.Civ.P. 54(a) (" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2651 (2d ed.1983) ("judgment" means only final judgments and appealable interlocutory orders). Rule 54(d) allows claims for attorneys' fees and other expenses that are neither taxable as normal costs nor part of the claim that was adjudicated, *see* Fed.R.Civ.P. 54(d)(2)(A), to be made by motion within 14 days after entry of the "judgment." *See* Fed.R.Civ.P. 54(d)(2)(B); *see also* Fed.R.Civ.P. 54(d)(2)(C) and (D) (providing for opportunity to respond and allowing court to adopt procedures for resolution of the postjudgment motion). In the present case, however, there had been no final judgment. Even during the period in which the original complaint was stricken, the action had not been dismissed; and defendants' motions to dismiss the action were denied. All of the court's orders were interlocutory, *see, e.g., San Filippo v. United Brotherhood of Carpenters and Joiners,* 525 F.2d 508, 512 (2d Cir.1975) ("[i]t is clear that an order denying a motion to dismiss a case is by itself non-final and non-appealable"), and there had been no appealable order. There having been no judgment within the meaning of Rule 54, Rule 54(d) was not applicable.

■ Second, even had there been such a judgment, Rule 54(d) would have been inapplicable by its own terms, for the basis for the sanction was Wise's failure to meet the deadline imposed by Fed.R.Civ.P. 12(e). Subdivision (2)(E) of Rule 54(d) states that "[t]he provisions of subparagraphs (A) through (D) do not apply to claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927." Fed.R.Civ.P. 54(d)(2)(E). For this reason as well, Rule 54(d) did not apply.

■ Nor, for two reasons, may we conclude here that the sanctions order can be upheld under any other provision. First, before the court imposes *"any* kind of sanctions," it must afford the person to be sanctioned due process, including notice that sanctions may be imposed. *In re Ames Department Stores,* 76 F.3d at 70 (emphasis in original). "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). An attorney whom the court proposes to sanction "must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter," and "must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." *Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 97 (2d Cir.1997); *see also Satcorp International Group v. China National Silk Import & Export Corp.,* 101 F.3d at 6 ("[Sanctioned attorney] was given no indication of the fact that he might be fined or found in contempt. There was neither a hearing, nor oral argument, on the Rule 37 motion. His fine cannot stand.").

■ We see no indication in this record that Wise received such notice. The two motions pending before the district court were defendants' motion to dismiss the action and plaintiffs' motion to set aside the order striking the original complaint. It does not appear that defendants requested monetary sanctions as an alternative to dismissal. Thus, defendants' motion itself gave Wise no

notice of the possibility that she might be ordered to pay an award of attorneys' fees and expenses. Further, there is no indication in the record that the court alerted the parties that it was considering such an alternative *sua sponte.* The district court's decision to adopt that alternative was rendered after Wise's death, as was the court's clarifying order that the sanctions were imposed against the attorney rather than the plaintiffs. Because Wise was not given notice and opportunity to be heard on the matter, the award against her estate cannot stand.

■ Second, even had proper notice been given, the sanction appears to be unsupportable, given the district court's explicit findings that Wise's failure did not unduly prejudice defendants and was the result of "excusable neglect." We note that although defendants contended in the district court, in opposing Orland's motion for reconsideration, that the imposition of sanctions could be sustained under 28 U.S.C. § 1927 (1994), which provides that "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," or under Fed.R.Civ.P. 1, which provides that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," they have not pursued these arguments on this appeal. Their abandonment of these grounds is entirely appropriate since we have construed use of both the power granted in § 1927 and the court's inherent power to be authorized only when there is a finding of conduct constituting or akin to bad faith. *See generally Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir.1996) (§ 1927 sanctions to be awarded only "when there is a clear showing of bad faith on the part of the attorney"); *Keller v. Mobil Corp.,* 55 F.3d 94, 99 (2d Cir.1995) (to warrant sanctions under § 1927, attorney's actions must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay" (internal quotation marks omitted)); *Milltex Industries Corp. v.*

*Jacquard Lace Co.*, 55 F.3d 34, 41 (2d Cir. 1995) ("we will uphold [inherent-power] sanctions ... only when serious misconduct clearly appears on the record"); *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991) ("this Court, in recognizing the need for restraint, has always required a particularized showing of bad faith to justify the use of the court's inherent power"); *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987) (court's inherent power extends only to instances in which the attorney has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" (internal quotation marks omitted)). The court's finding that Wise's failure was the result of neglect that was excusable forecloses a finding of bad faith.

 We note also that defendants' additional argument to the district court that the award of fees could be sustained under Fed.R.Civ.P. 11, has likewise been abandoned on appeal, no doubt because "[t]he key to rule 11 lies in the certification flowing from the signature to a pleading, motion, or other paper in a lawsuit," *Oliveri v. Thompson*, 803 F.2d at 1274. That Rule "does not license a district court to sanction any action by an attorney or party that it disapproves of.... Imposition of sanctions must be based on a pleading, motion, or other paper signed and filed in federal court...." *United States v. International Brotherhood of Teamsters*, 948 F.2d at 1344 (internal quotation marks omitted). There was no such signed paper here on which to base a Rule 11 sanction.

 On this appeal, defendants have instead cited as possible bases for sanctions Fed.R.Civ.P. 12(e), which states that as an alternative to striking a pleading when a party has failed to amend it within the period allowed, a court may "make such order as it deems just," and under Rule 31(a) of the Connecticut Local Rules of Civil Procedure, which, *inter alia*, permits the court to "assess reasonable costs directly against counsel who has disobeyed an order of the Court." We decline to consider these arguments, in part because defendants did not make them to the district court, and in part because, as discussed above, no notice was given to Wise that any sanctions on any basis were sought by defendants or contemplated by the court. And although we may elect to consider on appeal an argument not presented to the district court if such consideration is needed in order to avoid manifest injustice, *see, e.g., Amalgamated Clothing and Textile Workers Union v. Wal–Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir.1995), we see no such possibility of injustice here in light of the court's findings that defendants have not been prejudiced and that Wise's neglect was excusable.

## CONCLUSION

For the foregoing reasons, the award of sanctions against Wise, or her estate, cannot be sustained. In light of the finding already made by the district court that Wise's neglect was excusable, and in light of the fact that her death makes it impossible for the court to provide the requisite opportunity to be heard, the order imposing sanctions is reversed.

Each side shall bear its own costs on this appeal.