**In re MPM ENTERPRISES, INC., Debtor.**

**No. CV 98–3644(ADS).**

United States District Court, E.D. New York.

March 24, 1999.

Douglas A. Durnin, Massapequa, New York, for the non-party appellant Russell A. Weber.

John R. Nelson, West Babylon, New York, for the debtor MPM Enterprises, Ltd.

Office of the United States Trustee, by Carolyn S. Schwartz, Garden City, New York.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The non-party appellant, Russell A. Weber, Esq. (the "appellant" or "Weber"), appeals from an April 8, 1998 Order of United States Bankruptcy Judge Dorothy D.T. Eisenberg, sua sponte directing him to disgorge attorney's fees in the sum of $1,000 to the Debtor, MPM Enterprises, Inc., and permanently barring him from appearing before any Bankruptcy Court in the Eastern District of New York. According to the Bankruptcy Court's April 8, 1998 Order, these sanctions arose from the appellant: (1) falsely stating that he was acting as a non-attorney when, in fact, he is an attorney, in violation of Bankruptcy Rule 9011; (2) failing to file a disclosure of compensation as required under Bankruptcy Rule 2016(b); and (3) making false statements to the Bankruptcy Court.

The appellant has remitted the sum of $1,000 to the Debtor, as directed by the Bankruptcy Court. On appeal, he apparently does not challenge the monetary sanction. Instead, he argues that the Order "directing him to pay this sum to the Debtor and forfeit his fees was and is a sufficient sanction," and directs his objections to the portion of the Order permanently barring him from appearing in any Bankruptcy Court in the Eastern District of New York (Appellant's Mem. of Law, at iii). In this regard, the appellant asks this Court to modify the Bankruptcy Court's April 8, 1998 Order by: (1) "striking those portions of the order which concluded that appellant engaged in frivolous conduct or misconduct as opposed to making an isolated inadvertent error in the timing of the filing of a fee report and signing a bankruptcy petition not as counsel or record, as to which there is a difference of opinion concerning the completion of the form"; (2) declaring that "11 U.S.C. § 105 and the [bankruptcy] court's inherent powers to sanction were improperly invoked in the absence of specific findings and evidence of frivolous

conduct without color and motivated by bad faith"; (3) declaring that "Rule 11 had no application here and was not violated"; (4) finding that the "dispositive order of disbarment is beyond the lower court's jurisdiction" to the "extent considered punishment"; (5) holding that the disbarment was "without adequate notice, was invalid and a clear abuse of power"; and (6) restoring the appellant's right to practice before the United States Bankruptcy Court in the Eastern District of New York.

None of the other parties to the bankruptcy proceedings oppose this appeal.

## I. BACKGROUND

On December 24, 1997, the Bankruptcy Court, on its own motion, issued an "Order to Show Cause Why Russell Weber Should not Disgorge Preparation Fees and Sanctions Should Not Be Imposed." (Appellant's Appendix, at 3–4). The Order to Show Cause stated, in relevant part:

AFTER a hearing duly called and held on November 6, 1997, at 10:00 a.m., on the Debtor's motion to convert the case to a case under Chapter 11 of the Code, at which the Debtor appeared and Edward Murphy, the Debtor's principal, represented to the Court that Russell A. Weber, who prepared the Debtor's petition as a non-attorney, actually represented to the Debtor that he was a practicing attorney and advised the Debtor to file the Petition for relief under Chapter 7 of the Bankruptcy Code and received payment from the Debtor in the amount of $1,000 for the filing of the petition; and a review of the Debtor's petition having revealed that Russell Weber certified on the petition that he is a non-attorney bankruptcy petition preparer, that Russell Weber further stated at item 9 of the Statement of Financial Affairs that he received $500 from the Debtor for the preparation of the petition, and it appearing to the Court that Russell Weber may have made false representations in the Debtor's petition and Statement of Financial Affairs, and the Court, on its own initiative, and pursuant to 11 U.S.C. Sections 110 and 105(a), that good and sufficient reason exists to (1) direct the disgorgement of fees paid by the Debtor to Russell Weber in connection with his preparation of the Debtor's bankruptcy petition and (2) sanction Russell Weber in connection with any violations of Section 110 of the Bankruptcy Code; it is hereby

ORDERED, that Russell Weber, the Debtor and Edward Murphy show cause before the undersigned ... why an Order should not be made and entered by this Court, directing the said Russell Weber to disgorge the fees paid to him in connection with his preparation of the Debtor's petition and awarding sanctions in an appropriate amount for any and all violations of 11 U.S.C. Section 110, including but not limited to Russell Weber's failure to accurately reflect the fees paid by the Debtor in connection with the preparation of the bankruptcy petition and for such other Order as may be appropriate pursuant to the facts as developed at the hearing. . . .

(Appellant's Appendix, at 4).

On March 19, 1998, the Bankruptcy Court held a hearing on the Order to Show Cause. As described on at the hearing, the following acts of the appellant were at issue: (1) his signing of the bankruptcy petition as a "non-attorney preparer"; and (2) his receipt of $1,000 from Edward Murphy ("Murphy"), the sole shareholder of the debtor corporation, MPM Enterprises, Inc., while declaring in the Statement of Financial Affairs that he received only $500 as payment for services. The appellant and Murphy testified at the hearing.

The appellant explained at the hearing that he signed the petition as a "non-attorney preparer" because he did not intend to appear as the attorney of record in the case. Nevertheless, the appellant was aware that under the provisions of 11 U.S.C. Section 110, a "bankruptcy petition preparer means a person *other than an attorney* or an employee of an attorney who prepares, for compensation, a document for filing." (emphasis added).

The Bankruptcy Court pointed out that, even assuming the appellant were properly classified as a "bankruptcy petition preparer," he neglected to timely file a statement pursuant to 11 U.S.C. § 110(H)(1). That

section states that "within ten days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration, under penalty of perjury, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case and any unpaid fee charged to the debtor." The appellant did file such a statement, but only after the Bankruptcy Court issued the Order to Show Cause. The statement indicated only that the appellant received $500 in fees from the appellant, and not the sum of $1,000 he actually received. The appellant argued to the Bankruptcy Court that he believed he was not obligated to disclose the full amount on the statement since he only received $500 in fees in connection with the bankruptcy matter, and the remaining $500 of the $1,000 fee was for services performed in connection with a landlord-tenant case. The appellant, apparently, did not file a statement under Rule Section 329(a) of the Bankruptcy Code, entitled "Debtor's Transactions with Attorneys." Section 329(a) provides:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, *shall file with the court a statement of the compensation paid* or agreed to be paid, *if such payment or agreement was made after one year before the date of the filing of the petition,* for services rendered or to be rendered *in contemplation of or in connection with the case by such attorney,* and the source of such compensation.

Bankruptcy Rule 2016(b) supplements Section 329 by requiring that "[e]very attorney for a debtor, whether or not the attorney applies for compensation, shall file with the court on or before the first date set for the meeting of creditors, or at another time as the court may direct, the statement required by § 329...." Fed.R.Bankr.P.2016(b).

At the close of the hearing, the Bankruptcy Court made the following findings of fact and conclusions of law:

> The [bankruptcy] petition was filed on October 15, 1997. The court finds that Mr. Weber is an attorney; that he did receive $1,000, prior to the bankruptcy filing; that

he signed a certification that he was acting as a non-attorney, although he was an attorney—that was signed on October 15, 1997—that it was signed in violation of Section 110 of the Code; not only 110(A)(1), but (h)(1), wherein the debtor— Mr. Weber did not file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case. And to this date, there has been no such actual filing.

> There were false statements made. And as an attorney, [he] violated Rule 9011 by signing a document, indicating that he was a mere preparer and not an attorney, which is false; without reflecting what he was paid or was to receive; without filing a [2016(b)] statement, which would have enabled him to state all the things he has now placed on the record, but which would have been more honest and more accurate, and pursuant to the rules in the Bankruptcy Court.

> I therefore am sanctioning Mr. Weber. He is to reimburse $1,000 to the debtor, and he is barred from appearing in any Bankruptcy Court in the Eastern District of New York....

> . . .

> I don't believe that Mr. Weber's sufficiently knowledgeable enough to come in to Bankruptcy Court and act on behalf of any party. That's my decision.

(Record on Appeal, at A 67–68).

## II. DISCUSSION

### A. Standard of Review

The Second Circuit has observed that [s]anctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent power. Because the various sources of the court's authority are governed by differing standards, ... it is imperative that the court explain its sanctions order "with care, specificity, and attention to the sources of its power." *Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir.1997) (quoting and citing *In re Ames Department Stores, Inc.,* 76 F.3d 66, 70 [2d Cir.1996]; *MacDraw, Inc. v.*

*CIT Group Equipment Financing, Inc.,* 73 F.3d 1253, 1262 [2d Cir.1996] ). "Thus, although the award of sanctions is reviewed under an abuse-of-discretion standard,... such an award either without reference to any statute, rule, decision, or other authority, or with reference only to a source that is inapplicable will rarely be upheld ..." *Sakon v. Andreo,* 119 F.3d at 114 (quoting and citing *Satcorp International Group v. China National Silk Import & Export Corp.,* 101 F.3d 3, 5 [2d Cir.1996] [vacating on other grounds and noting that the court's failure to cite any authority for its imposition of sanctions "by itself might well be sufficient to warrant a remand"]; *United States v. Merritt Meridian Construction Corp.,* 95 F.3d 153, 171 [2d Cir.1996]; *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.,* 73 F.3d at 1260 ["because the specific grounds proffered by the district court do not support the imposition of sanctions, we find the sanctions improper"] ).

## B. The Power of the Bankruptcy Court to Disbar Attorneys

The appellant's first point of attack is that the Bankruptcy Court's disbarment Order was in the nature of a criminal contempt and that, as an Article I Court, the Court lacked the authority to issue such an adjudication. This Court disagrees.

■ Pursuant to 11 U.S.C. § 105(a) bankruptcy courts possess the power to prevent an abuse of process. Specifically, Section 105(a) provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also Peugeot v. U.S. Trustee (In re Crayton),* 192 B.R. 970, 976 (9th Cir. BAP 1996) (bankruptcy court has inherent power to suspend or disbar attorneys under Section 105[a] ); *In re Robinson,* 198 B.R. 1017, 1025 (Bankr. N.D.Ga.1996) ("bankruptcy courts possess inherent powers of a federal court to regulate its docket to ensure that its process is not being abused"). In *In re Johnson,* the Fifth Circuit noted that courts have cited Section 105(a) "as a basis for holding that bankruptcy courts have both statutory and inherent authority to deny attorneys and others the

privilege of practicing before that bar." 921 F.2d 585, 586 (5th Cir.1991) (citing cases).

■ Relatedly, courts have held that bankruptcy courts possess the inherent power to suspend or disbar attorneys. *See, e.g., In re Johnson,* 921 F.2d at 586; *In re Gunn,* 171 B.R. 517, 518 (Bankr.E.D.Pa.1994); *In re Placid Oil Co.,* 158 B.R. 404, 411 (N.D.Tex. 1993); *In re Kelton Motors, Inc.,* 109 B.R. 641, 649 (Bankr.D.Vt.1989). As a unit of the district court pursuant to 28 U.S.C. § 151, a bankruptcy court is a federal court. *See In re Goldberg,* 168 B.R. 382, 384 (9th Cir. BAP 1994). A federal court has the inherent power to control admission to its bar and to discipline attorneys who appear before it. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). As discussed in *In re Derryberry,* 72 B.R. 874 (Bankr.N.D.Ohio 1987):

> [The] "bankruptcy court has the inherent and statutory power and authority to suspend or remove any attorney from the roll of attorneys allowed to practice" before it. Disbarment proceedings "are not for the purpose of punishment, but rather seek to determine the fitness of an official of the court to continue in that capacity and to protect the courts and the public from the official ministration of person [sic] unfit to practice."

*Id.* at 881 (citing *In re Echeles,* 430 F.2d 347, 349 [7th Cir.1970] ) (additional citations omitted).

■ Based on this authority, this Court is of the view that the Bankruptcy Court has the power to permanently bar an attorney from appearing in any Bankruptcy Court in the Eastern District.

## C. Due Process Concerns

The appellant argues that his due process rights were violated when the Bankruptcy Court disbarred him without proper notice or an opportunity to defend against that particular sanction. This Court agrees.

■ It is beyond cavil that the appellant was entitled to notice of the threatened imposition of the sanction and an opportunity to be heard. "[A] sanctioned attorney must

receive *specific* notice of the conduct alleged to be sanctionable and the *standard by which that conduct will be assessed."* Satcorp In*ternational Group v. China National Silk Import & Export Corp.,* 101 F.3d at 6; *see also Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 97 (2d Cir.), *cert. denied,* — U.S. ——, 118 S.Ct. 337, 139 L.Ed.2d 262 (1997); *accord Ametex Fabrics, Inc. v. Just In Materials, Inc.,* 140 F.3d 101, 109 (2d Cir.1998); *Sakon v. Andreo,* 119 F.3d at 114.

■ Here, however, it appears that the appellant did not received adequate notice. Significantly, the Order to Show Cause did not advise the appellant that the Court was considering the severe sanction of disbarment. In fact, the Order to Show Cause made no mention of possible disbarment. Instead, the Order indicated that the possible punishment under consideration was an Order "directing the said Russell Weber to *disgorge the fees paid to him in connection with his preparation of the Debtor's petition* and *awarding sanctions in an appropriate amount* for any and all violations of 11 U.S.C. Section 110, including but not limited to Russell Weber's failure to accurately reflect the fees paid by the Debtor in connection with the preparation of the bankruptcy petition and for such other Order as may be appropriate pursuant to the facts as developed at the hearing . . . " (Appellant's Appendix, at 4). The Order to Show Cause clearly forewarned the appellant of the possibility of monetary sanctions "in an appropriate amount." However, it did not notify, or even mention, the possibility of disbarment.

For the foregoing reasons, the Court finds that the Order of the Bankruptcy Court directing the appellant's disbarment must be vacated for failure to provide proper notice.

### D. The Bankruptcy Court's Grounds for Disbarring the Appellant

■ As noted above, it is critical for the court to explain its sanctions order "with care, specificity, and attention to the sources of its power," *Sakon v. Andreo,* 119 F.3d at 114 (quoting *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.,* 73 F.3d at 1262). For this reason, a sanction that it imposed "either without reference to any

statute, rule, decision, or other authority . . . will rarely be upheld . . . " *Id.* (citing *Satcorp International Group v. China National Silk Import & Export Corp.,* 101 F.3d at 5; *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.,* 73 F.3d at 1260).

Here, the appellant spends considerable energy contending that the disbarment could not be supported by either Section 110, Rule 11, Rule 9011. The scattershot nature of these arguments points to the underlying problem with the Bankruptcy Court's disbarment Order: it lacks the requisite specificity as to its legal basis.

While the Bankruptcy Court carefully explained the basis for its imposition of a monetary sanction, it did not offer the same specificity with regard to the more severe sanction of disbarment. Seemingly, the Court's explanation of the disbarment Order was that "I don't believe that Mr. Weber's sufficiently knowledgeable enough to come in to Bankruptcy Court and act on behalf of any party. That's my decision." Such decision was without "reference to any statute, rule, decision, or other authority," *Sakon v. Andreo,* 119 F.3d at 114, and therefore was impermissible.

### E. The Sanction is Excessive

■ Finally, even in the absence of the problems outlined above, the Court nevertheless would vacate the disbarment Order as an abuse of discretion.

In so finding, this Court fully appreciates the Bankruptcy Court's apparent frustration with the appellant who, even under a generous view of the facts, filed an affidavit with the Court falsely stating that he was not an attorney; failed to file a disclosure of compensation as required under Rule 2016(b); and filed statement under Section 110(h)(1), which applies to non-attorney bankruptcy petition preparers, indicating that he received only $500 in compensation, when he actually received $1,000 in attorney's fees. The Bankruptcy Court was understandably concerned with the appellant's improper conduct, and was compelled to expend scarce judicial resources addressing the matter. For these reasons, the Bankruptcy Court appropriately

sanctioned the appellant by directing that he disgorge his $1,000 attorney's fee. In fact, the Bankruptcy Court would have been fully justified in imposing a monetary sanction in a greater amount.

 By the same token, disbarment is reserved for *"extreme cases"* of *"severe forms of misconduct."* *Oliveri v. Thompson,* 803 F.2d 1265, 1267 (2d Cir.1986). While the appellant's actions are reprehensible and cannot be condoned, they nevertheless do not rise to the level of misconduct warranting disbarment, which penalty ranks as one of the most severe sanctions a Court could impose.

### F. Other Relief Requested

Finally, the appellant asks this Court to modify the Bankruptcy Court's April 8, 1998 Order by "striking those portions of the order which concluded that appellant engaged in frivolous conduct or misconduct as opposed to making an isolated inadvertent error in the timing of the filing of a fee report and signing a bankruptcy petition not as counsel or record, as to which there is a difference of opinion concerning the completion of the form." In essence, the appellant asks this Court to overturn the Bankruptcy Court's factual findings. The Court declines to do so, since the Bankruptcy Court's factual conclusions are not clearly erroneous. *See National Union Fire Ins. Co. of Pittsburgh v. Bonnanzio (In re Bonnanzio),* 91 F.3d 296, 300 (2d Cir.1996); *see also* Fed. R.Bankr.P. 8013. These findings of fact are accurate and will stand.

### III. CONCLUSION

Having reviewed the appellant's submissions, and for the reasons set forth above it is hereby

**ORDERED,** that the Order of the Bankruptcy Court dated April 8, 1998, is hereby vacated, to the extent it permanently barred the appellant from appearing before any Bankruptcy Court in the Eastern District of New York; and it is further;

**ORDERED,** that this case is remanded to the Bankruptcy Court with instructions to modify its April 8, 1998 Order in accordance with this decision; and it is further

**ORDERED,** the Clerk of the Court is directed to close the case.

**SO ORDERED.**