## In re J. Eric ANDERSON

[769 A.2d 1282]

No. 99-550

December 26, 2000. Respondent J. Eric Anderson appeals from the conclusion of the Professional Conduct Board that he

violated the Vermont Code of Professional Responsibility:[1] DR 9-102(B)(3) (maintain and render complete records and accounts of all client funds and property), 9-102(C) (maintain trust accounting system), and 1-103(A) (disclose unprivileged knowledge of disciplinary rules violation). He also appeals the Board's recommendation that he be publicly reprimanded. Respondent claims that the Board erred in (1) concluding that he took too long to report the mishandling of client trust accounts by a partner; (2) concluding that he did not investigate these allegations thoroughly enough; and (3) holding him to a higher standard because he was a past member of the Board. We affirm and impose the recommended sanction.

The facts were stipulated to by the parties. Respondent is licensed to practice law in Vermont, and he was a member of the Board from 1983 to 1993, acting as chair from 1989 to 1993. He shared operating and trust accounts with attorney Gerald P. Cantini and another lawyer from 1991 until February 1994. The shared trust account had a joint ledger and was the only trust account used by these lawyers. The office used printed letterhead that read "Law Office of Cantini, Anderson & Oakman" and later just "Law Offices of Cantini & Anderson." These attorneys were listed as a partnership in Martindale-Hubbel's directory and obtained liability insurance as a partnership between 1991 and 1993. In March 1994, the notice "Not a Partnership" was added to the letterhead.

Just prior to Thanksgiving 1993, the office's secretary and the bookkeeper informed respondent that there were irregularities in Cantini's handling of the operating and trust accounts. The staff recalls informing respondent that Cantini had removed moneys from the trust account for expenses that never occurred, and that Cantini was not depositing fee checks in the operating account. Respondent recalled being told about the fee checks, but he did not recall being told about the trust fund irregularities at this time. Respondent did check his own client trust account records for accuracy but did not check Cantini's records, even though they used the same account. Respondent spoke with Cantini, who assured him there was no need for concern.

Later, in July 1994, a new associate informed respondent that Cantini had improperly taken money from the trust account for travel expenses that were never incurred, and that there were other irregularities in Cantini's handling of funds. On July 21, 1994, respondent admitted to another attorney that the account did not balance and that he was trying to determine what should be done. Respondent filed an ethics complaint against Cantini on August 30, 1994, stating that he believed Cantini was taking money from the client trust account without proper accounting.

Based on the foregoing facts, a three-member hearing panel concluded that respondent had violated DR 2-102(D) (lawyers may state or imply a partnership only when there is one in fact) because he had implied a partnership and yet claimed, in his defense, that there was none. The panel also concluded that respondent violated DR 9-102(B)(3), 9-102(C), and 1-103(A) due to the irregularities in the trust account and his failure to report Cantini earlier. Moreover, the panel found a violation of DR 9-101 (lawyers must avoid even the appearance of impropriety) because there had been an appearance of impropriety in his handling of the Cantini matter while chair of the Board. The panel recommended a public reprimand. Pursuant to A.O. 9, Rule

---

[1] The references are to the Code of Professional Responsibility rather than the Rules of Professional Conduct because the conduct at issue predates our adoption of the Rules of Professional Conduct.

8(D),[2] the Board then reviewed and modified the panel's recommendations, finding no violation of DR 9-101 or DR 2-102(D), but otherwise agreeing with the panel's conclusions and recommending the sanction of a public reprimand. This appeal followed pursuant to A.O. 9, Rule 8(E) and V.R.A.P. 3.

It is only this Court that may impose a public reprimand. A.O. 9, Rule 7(A)(4). The Board's findings, whether purely factual or mixed law and fact, are upheld if they are "clearly and reasonably supported by the evidence." *In re Berk*, 157 Vt. 524, 527, 602 A.2d 946, 947 (1991); accord *In re Karpin*, 162 Vt. 163, 165, 647 A.2d 700, 701 (1993) (Court accepts Board's findings unless clearly erroneous). In addition, although this Court does not "review" Board recommendations on sanctions, but rather makes its own determination as to which sanctions are appropriate, we nevertheless give deference to the Board's recommendation. *Berk*, 157 Vt. at 527-28, 602 A.2d at 948; *In re Pressly*, 160 Vt. 319, 322, 628 A.2d 927, 929 (1993).

Respondent first argues that the Board erred in concluding that he took too long to report the mishandling of the client trust account by Cantini. He claims that the stipulation of facts does not support a finding that he learned of the trust account misconduct before July 1994. We disagree. The stipulation of facts disclosed a conflict between the recollection of respondent and that of his secretary and bookkeeper, and the Board was necessarily required to resolve the conflict. Indeed, the stipulation states that respondent "was *again* told about trust account irregularities" (emphasis added) in 1994, making it clear that respondent had notice of trust account irregularities earlier, but does not now recall that notice. Thus,

there was evidence to support the Board's finding that respondent was warned that there was a problem with the trust account nine months before he reported the irregularities to the Board. On this point, we discern no error.

Respondent's second argument is related to his first; he argues that the Board erred in concluding that he had a duty to investigate the irregularities in the trust account in November 1993. Consistent with the Board's finding, however, it could conclude that respondent knew or should have known that there were irregularities in Cantini's handling of the client trust account as early as November 1993. Thus, it was not error for the Board to conclude that DR 9-102(B)(3) and 9-102(C) imposed a duty on respondent to investigate Cantini's activities and take whatever steps were necessary to protect client funds and property.

Finally, respondent argues that the Board impermissibly sanctioned him on the ground that he was a former Board member. Respondent stipulated that he was a former member and chair of the Board, and never argued that this fact was irrelevant to the Board's deliberation on any of the charges. In any event, we find nothing in the record to support a contention that the Board held respondent to a higher standard than it would hold any other lawyer. Instead, the Board used this fact in considering what sanction to recommend. The Board merely noted respondent's background to support its view that his actions negatively impacted the public and the profession.

Having upheld the Board's findings and conclusions, we now address the question of the appropriate sanction. The Board looked to A.O. 9, Rule 7, and noted that a private admonition is the minimum sanction under the rule, and may be imposed only if all three of the following conditions are met: (1) it is a case of minor misconduct, (2) there is little or no injury to a client, the public, the legal system, or the

---

[2] The references to A.O. 9 are to the 1996 version because the complaint originated in 1996.

profession, and (3) there is little chance of repetition. Although the Board agreed there was little chance of repetition of the misconduct by respondent, it concluded that a private admonition was not warranted in this case. It concluded that the misconduct here was not minor because protecting client property is a fundamental principle, and the misconduct at issue was not an isolated incident but instead evinced a pattern of failing to meet the minimum standards. Moreover, the Board determined that there was injury to the public and the profession that, although "intangible," was still "significant." The Board then specified the aggravating and mitigating factors as called for under A.O. 9, Rule 8(D), and determined that because respondent had practiced for twenty-five years with no prior violations, had shown remorse, cooperated with bar counsel, and had eventually reported Cantini, there was no need for a sanction stronger than a public reprimand.

We adopt the Board's recommendation. Our A.O. 9, Rule 7 language on when a private admonition is appropriate is identical to that of the American Bar Association Standards for Imposing Lawyer Sanctions 1.2 (ABA Standards). We have consulted these standards before when considering which sanction was appropriate. E.g., *Pressly*, 160 Vt. at 325, 628 A.2d at 931. ABA Standard 4.13 states that public reprimand is the appropriate sanction where a lawyer's negligence in handling client property causes injury or potential injury to a client. Although the Board pointed out that there was no actual pecuniary injury caused by respondent's misconduct, there is a potential for client injury when warnings of misuse of client funds are ignored and tardily reported. Here, as in *Pressly*, we agree that the appropriate sanction is a public reprimand. Notwithstanding the fact that here there is no actual pecuniary injury to a client, lawyer misconduct in handling and protecting client trust accounts does injure both the public at large and the profession by increasing public suspicion and distrust of lawyers. See *In re Wool*, 169 Vt. 579, 582, 733 A.2d 747, 751 (1999) (public reprimand with 18-month probation for multiple violations where monetary amounts small and scope of actual injury unknown); *In re Fucetola*, 499 A.2d 222, 224 (N.J. 1985) (failing to keep proper records a "serious act of misconduct" because it reflects adversely on profession and potential for injury to clients is great). Thus, we agree with the Board that a private admonition would be an insufficient sanction in this case.

*J. Eric Anderson is hereby publicly reprimanded for violations of DR 9-102(B)(3), 9-102(C), and 1-103(A).*