# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 154-12-15 Vtec

---

| Old Lantern Non-Conforming Use |
| --- |

## ENTRY REGARDING MOTIONS

Title:          Motion to Stay Pending Appeal (Motion 12)

Filer:          Adrian Wolverton

Attorney:       James A. Dumont

Filed Date:     June 5, 2017

No response filed


Title:          Motion for Appeal of Collateral Final Order (Motion 11)

Filer:          Adrian Wolverton

Attorney:       James A. Dumont

Filed Date:     June 5, 2017

Response in Opposition filed on 06/22/2017 by Attorney Liam L. Murphy


Title:          Motion for Reconsideration 5/26/2017 Order (Motion 10)

Filer:          Adrian Wolverton

Attorney:       James A. Dumont

Filed Date:     June 5, 2017

Response in Opposition filed on 06/22/2017 by Attorney Liam L. Murphy for Appellees


Title:          Motion to Amend 5/26/2017 Entry Oder (Motion 9)

Filer:          Old Lantern Inn

Attorney:       Liam L. Murphy

Filed Date:     May 30, 2017

No response filed


**The motions are GRANTED IN PART and DENIED IN PART.**

**Motion to Amend and Motion to Reconsider**

On May 26, 2017, this Court issued an Entry Order that granted in part and denied in part Appellants' Motion for Sanctions against the opposing attorney and parties. Both parties now seek changes to that Order. The Appellants also seek permission pursuant to Rule 5.1 of the Vermont Rules of Appellate Procedure to appeal the Order immediately to the Vermont Supreme Court, and to stay these proceedings while their requested appeal is pending.

The underlying case is an appeal by Alison and Adrian Wolverton ("Appellants") of a determination by the Town of Charlotte Zoning Administrator ("Zoning Administrator") that the Old Lantern Inn is a pre-existing, nonconforming use and its owners are not required to seek and secure applicable zoning approvals for its continued operation. Appellants are represented by James A. Dumont, Esq. The Old Lantern Inn, together with its owners, Lisa and Roland Gaujac (hereinafter collectively referred to as "Old Lantern"), are represented by Liam L. Murphy, Esq. The Town is represented in this appeal by David W. Rugh, Esq. Neighbors Michael Frost, Karen Frost, Maura Wygmans, and Justin Wygmans also appear as Interested Persons and are representing themselves.

The Court issued an Entry Order to address Appellants' motion for sanctions for a breach of confidentiality. Old Lantern Non-Conforming Use, No. 154-12-15 Vtec (Vt. Super. Ct. Envtl. Div. May 26, 2017) (Durkin, J.). The Court found that Attorney Murphy disclosed confidential communications from an unsuccessful court-ordered mediation session held on October 18, 2016. The disclosure was made at a February 16, 2017 meeting of the Town of Charlotte Planning Commission in violation of Rule 16.3 of the Vermont Rules of Civil Procedure, and in breach of the parties' mediation contract. During that same Planning Commission meeting, Mrs. Wolverton disclosed the content of conversations that were held outside the mediation session, as part of months-long settlement negotiations primarily between Mr. Wolverton and Mr. Gaujac.

In its decision on the motion for sanctions, the Court incorrectly ascribed Mrs. Wolverton's statements as disclosures of confidential communications made during the one-day mediation session. The error was brought to the Court's attention first in a Motion to Amend filed by Old Lantern on May 30, 2017, and then by Appellants in a Motion for Reconsideration filed June 5, 2017. The parties correctly noted the Court's error, for which the Court offers its apologies. We therefore **GRANT** both the Appellants' Motion to Reconsider and Old Lantern's Motion to Amend. We write now to correct the record pursuant to V.R.C.P. Rule 59(e), which allows the trial court to amend a judgment "to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996). The error, however, does not change the Court's judgment in finding that Mr. Murphy disclosed confidential information from a court-ordered mediation session, but declining to impose severe sanctions on him.

Confidentiality is imperative in mediation. See Clark's Truck Center v. Smith, 2009 VT 80, ¶ 9, 186 Vt. 284 ("[W]e find it critical to uphold the confidentiality of the mediation process . . . ."). The confidentiality of court-ordered mediation sessions is secured by Rule 16.3 and the Vermont Uniform Mediation Act ("the VUMA"). V.R.C.P. Rule 16; 12 V.S.A. §§ 5711—23. Rule

16.3(e) states that "[a]ll written or oral communications made in connection with or during a mediation proceeding" are subject to the VUMA. V.R.C.P. Rule 16.3(e) (emphasis added). The VUMA provides that "mediation communications are confidential to the extent agreed to by the parties or provided by law," and parties may prevent each other from disclosing mediation communications in a "proceeding." 12 V.S.A. §§ 5715, 5720. A "mediation communication" is any oral, written or nonverbal statement that is "made or occurs during a mediation or for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." Id. at § 5713(3). A "proceeding" is defined as a "judicial, administrative, arbitral, or other adjudicative process. . .; or a legislative hearing or similar process." Id. at § 5713(8). If a party or a lawyer who participates in a court-ordered mediation does not comply with the confidentiality required under the Rules, the court "will impose" one or more sanctions, including any sanction "that is just and appropriate in the circumstances."[*] V.R.C.P. Rule 16.3(f).

Case law is thin on the finer points of these Rules. Our most clear precedent is from Lawson v. Brown's Day Care Center, Inc., in which the Vermont Supreme Court held that a court may sanction attorneys for breaching the confidentiality of mediation if the court finds the breach was in bad faith. 172 Vt. 574, 576 (2001) (An attorney to be sanctioned is "entitled to some explanation why the reasons for the disclosure were not only wrong, but so wrong that they were advanced in bad faith."). In Lawson, the trial court found bad faith after the attorney filed multiple motions that included disclosures of confidential mediation discussions in unsealed documents. Id. at 575. The attorney filed these unsealed disclosures even after the judge ordered a temporary seal to protect the parties' confidentiality. Id.

Additionally, the Court finds persuasive a case from the U.S. Court of Appeals for the Fourth Circuit, in which that court determined that, for the purposes of maintaining confidentiality, confidentially triggered through mediation is not limited to the mediation conference but extends until the mediated dispute has been resolved or dismissed. In re Anonymous, 283 F.3d 627,635 (4th Cir. 2002). As a "practical necessity of the process itself," the Fourth Circuit explained that parties often resume mediation discussions outside the mediation conference and these "conversations and the information disclosed therein are entitled to the same degree of confidentiality as disclosures made during the mediation conference." Id.

The evidence provided by the parties in this case shows that at a meeting of the Planning Commission on February 16, 2017, two disclosures of confidential communications were made: Mr. Murphy disclosed the content of conversations that were made during the October 18, 2016 mediation session, and Mrs. Wolverton countered by sharing information from settlement negotiations outside of the formal mediation session that started in December 2015 and continued through January 2017.

---

[*] The sanctions listed in Part (1) of Rule 16(f) are most plainly read as intended for parties and lawyers who fail to appear at a scheduled mediation session: "The court will require the party or lawyer, or both, to pay the reasonable expenses, including attorney's fees and costs, of the opposing party, and any fees and expenses of the mediator, incurred by reason of the nonappearance, unless the court finds that such an award would be unjust in the circumstances." V.R.C.P. Rule 16(f)(1) (emphasis added).

First, the Court finds that the Planning Commission was a "proceeding" as defined in the VUMA, because it was an "administrative, arbitral, or other adjudicative process." See 12 V.S.A. § 5713(8).

Next, the Court finds that the informal settlement discussions between Mr. Gaujac and Mr. Wolverton were just as privileged as the statements made during the one-day mediation session. We conclude this even though the settlement discussions were held over a period of months in non-private venues before and after the mediation session. Once the parties entered into formal mediation and became bound by the law and their contract to maintain confidentiality, attempts to resolve their dispute, both before and after the mediation session, must wear the same cloak of confidentiality. This result is required by the inclusive language of the law, which defines mediation communication in broad terms, by the persuasive case law from the Fourth Circuit, and by common sense. Mediation talks are the fruit of prior conversations, and the seed of future resolutions. Negotiations that lead to mediation and are informed as a result of mediation are intermingled, and thus inseparable. Furthermore, to confine confidentiality requirements to discussions held only during a mediation session would undermine the purpose of the confidentiality requirements, which is to encourage frank and open discussions during settlement negotiations. It is for all these reasons that we conclude that the parties' settlement discussions, particularly while this litigation is pending, must be viewed as confidential communications, unless and until full settlement has been reached or the litigation is dismissed.

Finally, the Court does not find that Mr. Murphy acted in bad faith when he disclosed information from the mediation session. Mr. Murphy did not believe he was violating confidentiality because he was not offering evidence in a court proceeding. Appellant's Ex. 12. Bad faith is a high bar. It is conceivable that Mr. Murphy did not perfectly understand the scope of the confidentiality requirement, just as the Wolvertons did not understand that settlement negotiations held outside the mediation conference fall within its scope. To conclude that bad faith was evident in these disclosures, we must have more purposeful motivation of undue prejudice. We see no such level of bad faith by either party.

Therefore, although the Court admits its error in incorrectly labeling Mrs. Wolverton's disclosure as revealing information shared in the mediation session, the holdings in the May 26, 2017 remain unchanged because she nevertheless disclosed confidential information gathered from the parties' ongoing attempts to reach an out-of-court settlement. To reiterate, the parties are prohibited from any further disclosures in a proceeding of their confidential settlement discussions, as defined in the VUMA. We further caution the parties from disclosing confidential discussions that could impact this litigation, no matter where that disclosure is made.

### Motion for Appeal of Collateral Order and Motion to Stay

Appellants also move to appeal the Court's collateral order on sanctions, and to stay these proceedings during the appeal. Appeals of collateral final orders are governed by Rule 5.1 of the Vermont Rules of Appellate Procedure. A trial court may permit an appeal of an interlocutory order or ruling if the court finds that the order: 1) conclusively determines a disputed question; 2) resolves an important issue completely separate from the merits of the action; and 3) will be effectively unreviewable on appeal from a final judgment.

An interlocutory appeal is inappropriate here because this order will be reviewable on appeal from a final judgment. Appellants offer that the Court's order irreparably harms them because it unconstitutionally infringes their right to free speech by prohibiting them from discussing what happened in the settlement negotiations with the Planning Commission, Selectboard and voters in the community, and that those disclosures are necessary to offset Mr. Murphy's disclosures while the Town considers changing its zoning laws in a manner suggested by Old Lantern. They offer that this loss of their free speech rights may only be relieved by lifting the restriction.

The Court rejects this reasoning. First, disclosures of confidential communication made during or as part of a court-ordered attempt to mediate a dispute is not protected speech under the Vermont Constitution or the First Amendment to the United States Constitution. Second, the Appellants have not suffered irreparable harm. As explained in our May 26, 2017 order, Mrs. Wolverton created a self-remedy by countering Mr. Murphy's disclosure with her own at the same Planning Commission meeting. In essence, Mrs. Wolverton seeks permission to make repeated disclosures of confidential communications in response to Mr. Murphy's disclosure of confidential communications, made during a single Planning Commission hearing. We view Mrs. Wolverton's already-executed self-help remedy to be a sufficient offset to Mr. Murphy's breach at a single hearing and conclude that Mrs. Wolverton's request to have unfettered permission to reveal confidences to be excessive.

The Motion for Appeal of Collateral Order is therefore **DENIED**. Because the Appellants have not and will not suffer irreparable harm due to this Order, and are unlikely to succeed in an appeal of this Order, the Motion to Stay is also **DENIED**.

**So Ordered.**

Electronically signed on July 07, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
James A. Dumont (ERN 1948), Attorney for Appellants Adrian and Alison Wolverton
Liam L. Murphy (ERN 3953), and Alexander J. LaRosa (ERN 5814), Attorneys for Appellees
    Old Lantern Inn, Roland and Lisa Gaujac
David W. Rugh (ERN 1507), Attorney for the Town of Charlotte
Interested Person Michael Frost
Interested Person Karen Frost
Interested Person Justin Wygmans
Interested Person Maura Wygmans