# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 16-2-16 Vtec

| Deso Leduc PUD (Highgate) |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Planned Unit Development (16-2-16 Vtec)

Title:          Motion (verified) for Contempt & Enforcement of Prior Order (Motion 3)

Filer:          Deso Leduc Properties, LLC

Attorney:       Lisa B. Shelkrot

Filed Date:     June 16, 2017

Response in Opposition filed on 06/28/2017 by Attorney Edward G. Adrian, for
    Interested Person Town of Highgate
Reply filed on 07/24/2017 by Attorney Lisa B. Shelkrot for Appellant Deso Leduc Properties LLC

**The motion is GRANTED IN PART and DENIED IN PART.**

Appellant/Applicant Deso Leduc Properties, LLC ("Applicant") began this action to contest the denial of its preliminary plat application for a twelve-lot subdivision by the Town of Highgate Development Review Board ("DRB"). The Town of Highgate ("Town") appeared as an Interested Party and actively participated in this appeal. After the parties attempted to voluntarily resolve their legal disputes, the Court set this matter for a trial to begin on September 15, 2016.

Once the trial date had been set, the parties renewed their settlement efforts and arrived at a somewhat unique arrangement that would result in Applicant receiving both preliminary and final plat approval, subject to specified conditions that the parties incorporated into a Stipulation and Consent Order, which the Court then approved, signed, and filed on August 10, 2016. The principal terms of the parties' Stipulation were that:[1]

(1) Applicant's application for preliminary plat approval for its twelve-lot subdivision would be immediately approved;

(2) Applicant was to pay $2,000.00 to the Town to offset the Town's expense "of obtaining an independent evaluation of the Appellant's Project."

---

[1] The numbering systems we employ in this summary is different than the detailed numbering system the parties employed in their Stipulation.

(3) Applicant pledged to apply for and secure a state land use ("Act 250") permit and a state stormwater permit prior to applying for final subdivision plat approval;

(4) Upon satisfaction of the above, the Town agreed that "the DRB shall **APPROVE** the final plat application within 30 days," subject to several conditions. The condition in the parties' Stipulation most relevant to the issue now before us states that "[t]he Applicant submits all supporting documents required by Section 610.2 of the 2008 [Town of Highgate Subdivision] Regulations."

Stipulation and Consent Order, filed Aug. 10, 2016, at 3–4 (emphasis in the original).

Section 610.2 of the 2008 Regulations provides that certain items "shall" be submitted by a major subdivision applicant, and that certain other items "may be required by" the appropriate municipal panel.[2]  Most relevant to Applicant's pending contempt claim are Regulations §§ 610.2(2) and (5), which provide that:

(2) A certificate from a Town Consulting Engineer as to the satisfactory completion of all improvements <u>may be required</u> by the [DRB], or in lieu thereof, a performance bond to secure completion of such improvements and their maintenance for a period of two years, with a certificate from the legislative body that it is satisfied either with the bonding or surety company, or with security furnished by the applicant.

. . ..

(5) Bonding <u>may be required</u>, sufficient to cover the completion of required improvements and maintenance for a period of two (2) years after completion. The amount of the bond shall be established by the [DRB] based upon the applicant's estimate, bids or other information deemed necessary by the [DRB], but shall not exceed 150% of the projected improvement and maintenance cost.

<u>Id</u> (emphasis added).

After the Court accepted and issued the Consent Order, Applicant paid the required $2,000.00 to the Town. The parties do not make clear from their most recent filings whether the Town had the independent evaluation of Applicant's subdivision plan completed and whether that evaluation recommended acceptance of Applicant's plan. We assume that these details have not been provided because the parties see no issue in whatever the evaluation recommended, if it even has been completed.

Applicant applied for and received the necessary Act 250 and stormwater permits and then submitted its application with the DRB for final plat approval. With its final plat application, Applicant also submitted certain documents required under Regulations § 610.2, such as copies of proposed deeds and other subdivision documents (pursuant to § 610.2(1)); any documents required as a result of the preliminary plat approval (pursuant to § 610.2(3)); and a Certificate of

---

[2]  Regulations § 610.2 speaks to the Planning Commission serving as the appropriate municipal panel that reviews subdivision applications, but both the Stipulation and other regulatory provisions not germane to this appeal empower the DRB to review this subdivision application.

Title showing ownership of all property and easements impacted by the proposed subdivision (pursuant to § 610.2(3)).[3]  The Town has not asserted that the documents submitted by Applicant were somehow deficient or that such a deficiency led to the additional conditions that the DRB imposed within its final plat approval.

The DRB then approved the final plat application, as anticipated by the parties' Stipulation.  However, the DRB attached 18 conditions to its final plat approval.

The parties' Stipulation is silent on the matter of the DRB exercising its discretion to add conditions to its approval of Applicant's subdivision plan.  Also, Applicant does not appear to contest several of the conditions imposed by the DRB, and even suggests that several of the other conditions that it may contest could be resolved through future negotiations with the Town.  See Applicant's Reply in Support of Verified Motion for Contempt and Enforcement, filed July 24, 2017, at 4 ("Based upon conversations between counsel . . ., Deso-Leduc expects that the parties could successfully address any issues surrounding the property documents . . .").  However, Applicant objects to the DRB condition requiring Applicant to secure a bond equal to the estimated construction cost for the project, plus two years of maintenance costs.  See Conditions 1 and 2 contained in the DRB Decision on Final Plat Approval, dated April 17, 2017, at p. 6; a copy of this DRB Decision was filed with Applicant's Contempt Motion as Exhibit B.

We therefore turn our attention to the propriety of these first two permit conditions imposed by the DRB and Applicant's claim that it represents a contemptuous action against this Court's Stipulated Order of August 10, 2016.

### Discussion

The parties focus their legal analysis on competing arguments about whether the applicable regulatory language is permissive or mandatory.  We start our analysis with the requirements that the parties imposed upon themselves through the language used in Regulations § 610.2 and the parties' Stipulation, later adopted by this Court in the Consent Order.

Specifically, the Stipulation and Order directs that Applicant submit with its final plat application "all supporting documents required by Section 610.2 of the 2008 Regulations." Stipulation and Consent Order, filed on Aug. 10, 2016, at p. 4, ¶ 8(a) (emphasis added).  The Town appears to argue that § 610.2 provides discretion to the DRB to require additional documentation, such as a construction bond estimate, and that anything that the DRB directs within its discretion is a required submission.  We reject the Town's argument, since it is contrary to the plain language of the applicable provisions of Regulation § 610.2.

In all instances, parties are to be commended when they reach a voluntary resolution of their legal disputes.  Such resolutions provide important advantages, including minimizing the use of scarce judicial resources and the opportunity to provide an efficient final resolution to the parties' legal disputes.  In fact, the parties here memorialized the importance of their voluntary

---

[3] Section 610.2(4) further requires that the Certificate of Title "must be approved by the Town Attorney." The parties dispute whether Applicant formerly requested that the Town Attorney approve the submitted Certificate of Title.  However, it does not appear that the Town relies upon the absence of a request or approval in its justification for the additional conditions imposed by the DRB.

resolution by specifically stating that "[t]o avoid delay, uncertainty, inconvenience, and expense of protracted litigation in this matter the Parties reach a full and final agreement pursuant to th[eir] Stipulation and agree that the Court may impose the Consent Order set forth" in their Stipulation.  Stipulation and Consent Order, filed on Aug. 10, 2016, at p. 2.

Based upon these representations, we conclude that the parties' Stipulation, relied upon by this Court in issuing its Consent Order, represented a full and final resolution of their legal disputes.

When we are asked to interpret a land use regulation, we conduct an examination similar to that which we are directed to use to interpret statutory language: we first look to the plain meaning of the words employed and, if that language is clear, we look no further.  In re Vt. Nat'l Bank, 157 Vt. 306, 312 (1991) (When construing a zoning ordinance, courts "use the same rules as in the construction of a statute . . . [by] constru[ing] words according to their plain and ordinary meaning.) (citations omitted); *see also* In re Irish Const. Application, No. 44-3-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Nov. 2, 2009) (Durkin, J.).

With this direction in mind, we turn to the task of determining what documents a subdivision applicant is "required" to submit with their final plat application.  The parties' Stipulation directs an applicant to "submit[] all supporting documents required by Section 610.2." Stipulation and Consent Order, at p. 4, ¶ 8(a).  Since that regulatory provision contains five subsections, some of which direct what documents "shall" be submitted and others that advise what additional submissions the appropriate municipal panel "may" require, we conclude that the parties' Stipulation only required Applicant to submit the documents "required" by § 610.2. Since references to a bond estimate or performance bond are only stated within the discretionary subsections of § 610.2,[4] we conclude that it was improper for the DRB to craft additional conditions in its final plat approval that were not required by the parties' Stipulation.

We are somewhat troubled by the terms of the parties' Stipulation, since it has resulted in the removal from the DRB of the discretionary powers that are often necessary in permit approvals.  But due to the importance of allowing parties to voluntarily resolve their legal disputes, we choose not to disturb the plain meaning of the parties' Stipulation.  We therefore conclude that by allowing the DRB to issue a final plat approval that went beyond the terms of the Stipulation and Consent Order, the Town is in contempt of that Order.

For these reasons, we **GRANT** Applicant's motion for contempt and do hereby **STRIKE** the additional conditions imposed by the DRB in its approval of the final plat application.  We are encouraged by the suggestion made by Applicant's attorney that some conditions, beyond the bond estimate or bond posting conditions, could be resolved through further voluntary negotiations.  Therefore, before we impose further remedies in light of our contempt finding, we direct that the parties attempt to reach an agreement, **within the next thirty days (i.e.: by no later than Wednesday, November 1, 2017)**, on which additional conditions may be included in the final plat approval.

---

[4]  See Regulations §§ 610.2(2) and (5), both of which describe bonding requirements that "may be required."

Lastly, we wish to make clear that by reserving our decision on what further remedies should be imposed in light of our contempt finding, we caution that monetary remedies or penalties for contemptuous acts in litigation are often reserved only for those instances where the contemptuous actions are also determined to be in bad faith.  See, Lawson v. Brown's Day Care Center, Inc., 172 Vt. 574, 576 (2001) (A party to be sanctioned is "entitled to some explanation why the reasons for the disclosure were not only wrong, but so wrong that they were advanced in bad faith."); *see also* Old Lantern Non-Conforming Use, No. 154-12-15 Vtec, slip op. at 3 (Vt. Super. Ct. Jul 7, 2017) (reconsidered on other grounds).

**So ordered.**

Electronically signed on October 2, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge


Notifications:
Lisa B. Shelkrot (ERN 2441), Attorney for Appellant Deso Leduc Properties LLC
Edward G. Adrian (ERN 4428), Attorney for Interested Person Town of Highgate